**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.  14-cv-05365
SHAWN ADAMS, on behalf of herself individually and
all others similarly situated,

                                                Plaintiff,

                                                                                    **CLASS ACTION**
      -against-                                                       **COMPLAINT**


CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES,
                                                Defendant.
------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.       That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.       That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is a defaulted debt, originally incurred, if at all, for personal, family or household purposes.

8. That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12. That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Delaware.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That GEICO Indemnity Company ("Geico") alleged that plaintiff's account with Geico had fallen into default.

16. That, after the date of said alleged default, defendant sent collection letters to plaintiff in an attempt to collect the debt on behalf of Geico.

17. That one such letter is dated January 20, 2014.

18. That in said letter defendant states, in pertinent part:

"You can instantly pay by check or credit card by calling (800) 998-5000. Please be advised that payments over the telephone or via our website will be subject to a $9.95 processing fee."

## AS AND FOR A FIRST CAUSE OF ACTION
### Improper statement of a $9.95 processing fee

15 U.S.C. §§ 1692e, 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1),

19. That plaintiff re-alleges paragraphs 1-18 as if fully re-stated herein.

20. That defendant's statement in its letter that "[y]ou can instantly pay by check or credit card by calling (800) 998-5000. Please be advised that payments over the telephone or via our website will be subject to a $9.95 processing fee" is improper.

21. That the "$9.95 processing fee" mentioned in defendant's letter is a fee charged by defendant.

22. That the "$9.95 processing fee" mentioned in defendant's letter is a fee collected by defendant.

23. That the "$9.95 processing fee" mentioned in defendant's letter is not a fee charged by a third-party merchant for merchant services.

24. That defendant retains the $9.95 processing fee for check and credit card payments over the telephone and via its website.

25. That the processing fee of $9.95 is not expressly authorized by any agreement that plaintiff has with Geico.

26. That the processing fee of $9.95 is not permitted by any applicable law.

27. That, as and for an alternative, defendant retains a portion of the $9.95 processing fee.

28. That defendant's retention of a portion of the $9.95 processing fee is not expressly authorized by any agreement that plaintiff has with Geico.

29. That defendant's retention of a portion of the $9.95 processing fee is not permitted by any applicable law.

30. That defendant's statement in its collection letters of a $9.95 processing fee for check and credit card payments over the telephone and via its website is an attempt to collect an amount which is not expressly authorized by the agreement creating the debt or permitted by any law, in violation of the FDCPA, § 1692f(1).

31. That defendant's statement in its collection letters of a $9.95 processing fee for check and credit card payments over the telephone and via its website constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f.

32. That, further, defendant's statement in its collection letters of a $9.95 processing fee for check and credit card payments over the telephone and via its website also falsely represents the compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, including but not limited to § 1692e(2)(B).

33. That, further, defendant's statement in its collection letters of a $9.95 processing fee for check and credit card payments over the telephone and via its website constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

34. That, further, defendant's statement in its collection letters of a $9.95 processing fee for check and credit card payments over the telephone and via its website is a threat to take an action that cannot be legally taken, *viz.*, to add a fee for all check and credit card telephone and website payments that is not authorized by any law or by the agreement between plaintiff and Geico which created the alleged debt, and is therefore a violation of the FDCPA, § 1692e(5).

35. That plaintiff suffered surprise, indignation, stress and emotional anxiety upon receiving defendant's letter threatening to add a fee of almost $10 to her alleged debt if she were to pay it by check or credit card over the telephone or online.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

36. That plaintiff re-alleges paragraphs 1 to 35 as if fully re-stated herein.

37. That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

38. That defendant's improper statement about a $9.95 processing fee shows a lack of exercise of reasonable care in defendant's collection of the alleged debt.

39. That defendant breached its duty to collect plaintiff's alleged debt with reasonable care.

40. That said deceptive and misleading acts and practices were committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

41. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that each of the letters in which defendant included the improper statement is a form collection letter which defendant sends to hundreds, if not thousands, of consumers in New York State each month.

42. That defendant's said statement in its letters has a broad impact on consumers at large whose accounts are placed with defendant for collection.

43. That plaintiff believed that defendant was entitled to charge her a $9.95 processing fee for check and credit card payments made over the telephone and online, and that belief affected how plaintiff reacted to the request for payment.

44. That, therefore, defendant's statement in its letter to plaintiff is deceptive and misleading in a material way.

45. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

46. That plaintiff suffered surprise, indignation, stress and emotional anxiety upon receiving defendant's letter threatening to add a fee of almost $10 to her alleged debt if she were to pay it by check or credit card over the telephone or online.

47. That defendant violated NYGBL § 349(a) and is liable to plaintiff pursuant to NYGBL § 349(h).

## CLASS ALLEGATIONS

48. That plaintiff re-alleges paragraphs 1-47 as if fully re-stated herein.

49. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated January 20, 2014; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Geico; (c) the collection letter was not returned by the postal service as undelivered; and (d) the collection letter states, in sum or substance*:*

> "You can instantly pay by check or credit card by calling (800) 998-5000. Please be advised that payments over the telephone or via our website will be subject to a $9.95 processing fee."

50. That the class shall be defined as follows:

*All natural persons with addresses in the State of New York to whom defendant sent a collection letter concerning a consumer debt on behalf of GEICO Indemnity Company from September 12, 2013 to September 12, 2014 inclusive, which collection letter states, in sum or substance:*

*"You can instantly pay by check or credit card by calling (800) 998-5000. Please be advised that payments over the telephone or via our website will be subject to a $9.95 processing fee"*

*and which collection letter was not returned by the postal service as undeliverable.*

51. That the class does not include defendant or persons who are officers, directors, or employees of defendant.

52. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e, 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1) by including the statement about the $9.95 processing fee.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

53. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

56. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff in its collection letters to plaintiff, pursuant to NYGBL § 349;

(g) awarding maximum statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) in the alternative, awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       September 12, 2014.

                                              /s/ *Novlette R. Kidd*
                                              NOVLETTE R. KIDD, ESQ. (NK 9339)
                                              FAGENSON & PUGLISI
                                              Attorneys for Plaintiff
                                              450 Seventh Avenue, Suite 704
                                              New York, New York 10123
                                              Telephone: (212)268-2128
                                              Nkidd@fagensonpuglisi.com